# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| **TIMOTHY TYRONE SANDERS,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 1:19-cv-00040 |
| **CITY OF COLUMBIA, et al.,** | ) ) | JUDGE CAMPBELL |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

Timothy Tyrone Sanders, an inmate at the Maury County Sheriff's Office in Columbia, Tennessee, filed this pro se civil suit against the City of Columbia and the Maury County General Sessions Court. (Doc. No. 1.) As an initial matter, the Court notes that the complaint is essentially a handwritten letter. (*Id.*) Although Plaintiff refers to this action as a "civil suit" (*id.* at 1, 3), he does not cite to either 28 U.S.C. § 2254 or 42 U.S.C. § 1983. For the following reasons, however, the Court will construe this action as brought under Section 1983 and dismiss it without prejudice.

## I.     Construction of the Complaint

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983." *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). To determine whether Plaintiff's ambiguous pleading should be construed as a habeas corpus petition under Section 2254, the Court considers whether Plaintiff "allege[s] that his claims are exhausted" and whether the complaint "compl[ies] with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts." *Parker v. Phillips*, 27 F. App'x 491, 494 (6th Cir. 2001) (citing *Preiser v. Rodriguez*,

411 U.S. 475, 489–90 (1973)). Here, Plaintiff does not allege that he exhausted his available state court remedies, and the complaint does not satisfy Rule 2(c)'s pleading requirements. Thus, the Court declines to construe the pleading as a habeas corpus petition under Section 2254, and instead considers it to be a civil rights complaint under Section 1983.

## II. Dismissal of the Complaint

Under the screening requirements of the Prison Litigation Reform Act ("PLRA"), the Court must conduct an initial review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A; 42 U.S.C. § 1997e(c)(1). In doing so, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that, on February 13, 2019, Maury County General Sessions Judge Sands sentenced him for violating the terms of his probation. (Doc. No. 1 at 1.) Judge Sands ordered Plaintiff's Maury County sentence to run concurrently with a previously imposed Williamson County sentence. (*Id.*) Plaintiff was released from the Williamson County Jail on March 25, 2019,

but alleges that he was then "detained in regards to a 'Hold' issued by Maury County." (*Id.*) Plaintiff essentially asserts that, because Judge Sands ordered his Maury County sentence to run concurrent to his Williamson County sentence, his current imprisonment is unlawful. (*Id.*) He also alleges that the original copy of his "disposition form" was modified after his February 2019 appearance before Judge Sands. (*Id.* at 2–3.) Plaintiff requests immediate release from custody and unspecified future compensation. (*Id.* at 3.)

"To prevail on a cause of action under § 1983, a plaintiff must prove '(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" *Winkler v. Madison Cty.*, 893 F.3d 877, 890 (6th Cir. 2018) (quoting *Shadrick v. Hopkins Cty.*, 805 F.3d 724, 736 (6th Cir. 2015)).

Here, Plaintiff fails to state a claim under Section 1983. He is challenging the validity of his current confinement and seeks immediate release from custody, but "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Hill*, 547 U.S. at 579 (quoting *Muhammad*, 540 U.S. at 750); *see also Wershe v. Combs*, 763 F.3d 500, 504 (6th Cir. 2014) (citing *Preiser*, 411 U.S. at 500) (holding that as a prisoner seeking "immediate release or a speedier release" must do so "through a writ of habeas corpus, not through [Section] 1983").

Additionally, to the extent that Plaintiff seeks unspecified monetary damages, his claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). "Under the *Heck* doctrine, a Section 1983 suit is not cognizable if it would 'necessarily' invalidate the plaintiff's conviction or sentence, unless the plaintiff can show the conviction or sentence had been set aside." *Sanders v. Detroit Police Dep't*, 490 F. App'x 771, 773 (6th Cir. 2012) (quoting *Heck*, 512 U.S.

3

at 487). Because Plaintiff's sentence has not been set aside in some way, the Court cannot consider his request for damages based on his wrongful imprisonment.

**III.     Conclusion**

For these reasons, this action is **DISMISSED** without prejudice. The Clerk is **DIRECTED** to mail Plaintiff a blank petition for the writ of habeas corpus under 28 U.S.C. § 2254, for Plaintiff's use should he choose to file a habeas corpus action. The Court cautions, however, that habeas corpus relief is generally available only if the applicant has exhausted his available state court remedies. 28 U.S.C. § 2254(b)(1)(A); *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Additionally, the Court makes no representations regarding the viability of any Section 2254 petition Plaintiff may file.

For the same reasons that the Court dismisses this action, the court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3). The Court, therefore, will not grant Plaintiff leave to proceed in forma pauperis on any appeal in this action.

This is a final order for purposes of Rule 58 of the Federal Rules of Civil Procedure.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE